IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

AUG 04 2011

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

| ROBERT D. ALLEN, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) Civil Action No. 6:10cv00035 |
| v. | ) |
| | ) By: Hon. Michael F. Urbanski |
| MICHAEL J. ASTRUE, | ) United States District Judge |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Robert D. Allen ("Allen") brought this action for review of the Commissioner of Social Security's ("Commissioner") decision denying his claim for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). Allen was injured in a motorcycle accident in 2000 and has filed three DIB applications since that time, all of which have been denied. Allen did not administratively appeal either of his first two denials, and this case concerns his third denial for disability benefits. Allen appealed his third denial to an Administrative Law Judge ("ALJ"), who found that the same facts and claims were involved in the third application as in the earlier administrative decisions. As such, the ALJ dismissed the appeal on administrative res judicata grounds, and did not convene a hearing. The Appeals Council affirmed the ALJ's decision, and Allen brought suit in federal court.

In this action, Allen challenges the administrative res judicata finding, contending that he was entitled to a hearing or at least an opportunity to review the administrative record in his three applications to see whether the ALJ properly applied administrative res judicata. Allen also contends that the ALJ's dismissal of the appeal without a hearing violates due process.

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the Commissioner's denial of social security benefits. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). 42 U.S.C. § 405(g) also states that "any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by civil action." 42 U.S.C. § 405(g). Section 405(h) of Title 42 of the United States Code states "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).

The Commissioner moves to dismiss Allen's appeal, arguing the court lacks subject matter jurisdiction because Allen never received a final decision after a hearing as required by 42 U.S.C. § 405(g).

## I.

"The fundamental issue here is the vexed, recurring one of the effect upon judicial review under 42 U.S.C. § 405(g) of the [Commissioner's] application of administrative res judicata to deny a social security claim." McGowen v. Harris, 666 F.2d 60, 64 (4th Cir. 1981). As the Fourth Circuit plainly held in McGowen, a district court has jurisdiction to determine whether the Commissioner's application of administrative res judicata was correct.

> [T]he district court has jurisdiction to determine, as appropriate, whether res judicata has properly been applied, or whether, though res judicata might properly have been applied, the claim has nevertheless been reopened. See Farley v. Califano, 599 F.2d [606], 608 & n.4 [4th Cir. 1979]. In this the court simply exercises its inherent jurisdiction to determine its own jurisdiction. Texas & Pacific Railway v. Gulf, Colorado & Santa Fe Railway, 270 U.S. 266, 274 (1927). If the court determines that jurisdiction exists either because administrative res judicata was not properly applied, or because the denied claim has been either formally or by legal implication reopened, it may then of course judicially review the [Commissioner's] final decision denying the claim.

666 F.2d at 66.

The next question to be resolved is whether the court has sufficient information to determine whether the Commissioner properly applied administrative res judicata to Allen's third application. The Fourth Circuit recognized that "[t]his may well require that the entire administrative record be made a part of the district court record, but not necessarily. If the identity of claims or the fact of reopening is otherwise apparent as a matter of law from the district court record, the determination may of course be made on that basis." Id.

The Commissioner has attached to its motion to dismiss a Declaration of Paul Halse, Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. The Halse declaration provides certain limited information regarding Allen's three applications.

According to the Halse Declaration, Allen filed an application for DIB benefits on November 20, 2002, alleging disability beginning September 10, 2000. Allen's claimed disability stems from a motorcycle accident in which he lost his left leg. Exhibit 2 to the Halse Declaration is the Commissioner's letter dated March 13, 2003, denying Allen's benefits claim. In this letter, the Commissioner noted that Allen "had an above the knee amputation and depression," but that Allen did not respond to three letters requesting that he contact the state agency regarding a medical examination. As a consequence, the Commissioner determined that he did not have the evidence needed to decide Allen's claim and that Allen did not cooperate in obtaining the evidence necessary to establish his claim. According to the Halse Declaration, Allen did not appeal this denial.

Allen filed a second application for DIB benefits on October 10, 2007, which was denied by the Commissioner on March 6, 2008. In the denial letter, the Commissioner noted that Allen

claimed disability due to left leg amputation and bipolar disorder and that his date last insured was June 30, 2006. Allen's claim was denied for the following reasons:

> The evidence shows that your left leg was amputated. However, with the use of a properly fitted prosthesis, you are able to walk without crutches or a cane. Although you experience pain, you are able to stand and walk within a normal work day. The evidence shows that your condition has not affected your ability to understand, remember, cooperate with others or perform normal daily activities. The evidence shows no other condition which significantly limits your ability to work. We realize that your condition kept you from doing the type of work that you have done in the past, but during the time you were insured for disability benefits, your condition did not keep you from doing less demanding work.
>
> If your condition gets worse and keeps you from working, write, call or visit any Social Security office about filing another application.

Halse Decl., Ex. 4. According to the Halse Declaration, Allen did not appeal this denial.

On February 20, 2009, Allen filed a third application for DIB benefits. Halse Decl., Ex. 5. This application again referenced the September, 2000 motorcycle accident in which Allen lost his left leg. On April 27, 2009, the Commissioner again denied the claim, this time writing that "[t]he information you gave us does not show that there was any change in your health before June 2006. This was when you last met the earnings requirement for receiving benefits." Halse Decl., Ex. 7. Unlike his earlier applications, Allen challenged this denial up the administrative ladder. On June 30, 2009, Allen's claim was denied upon reconsideration for the same reason.

Allen then appealed the denial to an ALJ, who denied Allen's request for a hearing on administrative res judicata grounds, reasoning as follows:

> The question therefore becomes whether the same facts and same issues are involved. The undersigned has compared the evidence considered in reaching the previous decision with that relating to

> the claimant's current claim. Based on this comparison, the undersigned finds that no new and material evidence has been submitted and that there has been no change in statute, regulation, ruling or legal precedent concerning the facts and issues ruled upon in connection with the previously adjudicated period. Additionally, as already stated, the claimant's insured status expired prior to the previous decision. Accordingly, the claimant's rights on the same facts and on the same issues are involved and the doctrine of res judicata applies.

Halse Decl. Ex. 9. The ALJ's Order of Dismissal does not outline the evidence he compared in making his administrative res judicata decision, and a reviewing court has no way of ascertaining whether the claims on the third application are indeed the same regarding the period prior to June 30, 2006, Allen's date last insured. The ALJ does address in substantial detail evidence in Allen's application from the period after June 30, 2006, including information from that period that Allen worked in construction as a contractor. While it may well be the case that Allen presented the same evidence regarding the period prior to his date last insured in the earlier applications that he did on his third application, there is no way for the court to determine that on the record before the court at this time. In other words, the court does not have "before it a record sufficient to determine the scope of the successive claims for res judicata purposes." McGowen, 666 F.2d at 66.

Accordingly, as to Allen's claim that res judicata was improperly applied at the administrative level, the court finds that the Commissioner's motion to dismiss is premature. By separate Order, the Commissioner is directed to file with the clerk the administrative transcripts of Allen's three DIB applications so that the court, on a motion for summary judgment, can review the record and make the jurisdictional determination required by McGowen as to whether administrative res judicata was properly applied.

**II.**

Allen's due process challenge to the applications of administrative res judicata, however, has no merit and must be dismissed.

Under established law in this circuit, the Commissioner may treat an initial determination which is not appealed as a final decision with preclusive effect. See, e.g., McGowen, 666 F.2d at 66; Leviner v. Richardson, 443 F.2d 1338, 1342 (4th Cir. 1971). Implicit in this holding is that the initial determination, even when not appealed, comports with the requirements of due process. Thus, Allen only raises a colorable constitutional claim if he alleges specific facts that support the claim that giving the initial determination preclusive effect in this instance would violate due process. See Culbertson v. Sec'y of Health & Human Servs., 859 F.2d 319, 322-24 (4th Cir. 1988) (giving preclusive effect to administrative determinations of plaintiff's prior claim violated due process in light of her mental incompetence and lack of representation); Shrader v. Harris, 631 F.2d 297, 302 (4th Cir. 1980) (finding that, in light of plaintiff's mental illness, he was deprived of due process when Commissioner denied plaintiff's subsequent claim on the basis that its original administrative determination precluded further review). Allen has not made a claim of mental incompetence or alleged any specific facts that raise a colorable constitutional claim, instead generally suggesting that giving preclusive effect to his prior administrative determinations without a hearing violates due process. Allen's claim does not rise to the level suggested in Culbertson or Shrader and must be dismissed for failure to state a claim.

**III.**

For these reasons, the Commissioner's Motion to Dismiss (Dkt. # 8) is **DENIED** in part and **GRANTED** in part. The Commissioner's Motion to Dismiss for lack of jurisdiction is premature. Under McGowen, the court has jurisdiction to determine whether administrative res

judicata was properly applied. Because of the lack of specificity in the ALJ's Order of Dismissal, the court is required to review the administrative transcripts concerning Allen's three applications to determine whether administrative res judicata was properly applied. Once the court has the opportunity to review Allen's three applications, the court will be in a position to properly determine the scope of Allen's successive claims for res judicata purposes. At the same time, however, Allen's due process claim must be denied as he has raised no procedural infirmity rising to a constitutional level.

A separate order setting forth filing requirements and a briefing schedule will be entered.

Entered: August 4, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge